## SUPREME COURT.

CATHARINE BELLAMY agt. WENDEL GUHL and others.

*Mortgage foreclosure — Infants — How personal service must be made upon — Judgment cannot be validated by acts done subsequent to judgment — Code of Civil Procedure, sections 426, 471, 724, 783.*

Where, in a foreclosure suit, the summons was personally served upon two of the defendants, minor children, under the age of fourteen, of the mortgagor, who died intestate before the action was commenced, but was not served upon their mother or general guardian :

*Held,* that the service was not such as to give the court jurisdiction over the person or property of the infants, even though a guardian *ad litem* appointed for them appeared in the action and put in an answer for them ; and a judgment of foreclosure of the mortgage and sale thereunder cannot be validated by acts done subsequent to such judgment and sale.

A judgment entered without service of process is not within the remedial scope of sections 724 nor 783 of the Code of Civil Procedure.

*Special Term, January,* 1882.

*S. C. Ripley,* for plaintiff.

*Geo. F. Martens,* for defendant.

POTTER, *J.* — This is a motion to correct or validate a judgment of foreclosure of mortgage and sale thereunder.

The purchaser at the sale, doubting the validity of the judgment under which the sale of the mortgaged premises was made, declines to complete the sale.

The ground of the objection to the title is that the service of the summons and complaint upon two of the defendants, viz., Peter C. S. Gould and Josephine Gould, minor children, under the age of fourteen years, of the mortgagor, who died intestate before the action was commenced, had not been made in the manner prescribed by law to give the court rendering the judgment jurisdiction over the person or property of the

infants. The summons was personally served on the infants, but was not served upon their mother or general guardian for said infants, though I am led to suppose from the papers upon the motion the summons was served upon Wendel Guhl as one of the administrators of the mortgagor's estate.

A guardian *ad litem* was appointed for these infants, who appeared in the action and put in an answer for them, but upon whose petition the appointment was made does not appear from the papers.

There are two questions arising upon this motion :

*First.* Did the court acquire jurisdiction of the person and property of said infant defendants ? If not, can the court grant any order or relief upon the acts done subsequent to the judgment and sale to validate the judgment and sale and give the purchaser at the sale that degree of certainty and assurance of title that any purchaser at a judicial sale is entitled to have ?

I am brought to the conclusion that the court had not jurisdiction to render a judgment of sale and foreclosure against the infants named and their property. Section 426, Civil Procedure, prescribes the manner of making service upon infants under fourteen years of age.

Two things are absolutely required — one, that service of the summons shall be made upon the infant, and also upon the father, mother or guardian, if within the state.

It appears the father was dead, and I can only infer that the mother was also dead (the fact is not distinctly stated in the affidavits), but the papers show that the infants have general guardians residing within the state. The statute makes no distinction in the importance and necessity of both these requirements in making service to commence actions against infants under fourteen years of age.

It was held in the court of appeals, in *Ingersoll* agt. *Mangam* (*March* 18, 1881), that the omission to make personal service upon the infants even where a guardian *ad litem* appointed upon the petition of the mother of the infants

appeared and answered for them.   The court in that case say, service alone, either on the infant or on the father, mother, guardian or other person mentioned in section 426, subdivision 1, does not constitute personal service within the statute.

Nor is the case under consideration helped out or made good by the fact that a guardian *ad litem* appeared and answered for the infants for these reasons :

*First.* The court, without two-fold service of the summons in the manner specified in section 426, has no jurisdiction to appoint a guardian *ad litem* (*Ingersoll* agt. *Morgan, supra, and second by sec.* 471, *Civ. Pro.*).   If the infant is under the age of fourteen years a guardian *ad litem* can only be appointed upon the application of any other party to the action or of a relation or friend of the infant.   It is not shown upon this motion who made the application for the appointment of the guardian *ad litem.*

*Second.* Can the subsequent steps taken in this action give validity to a void judgment and sale under it?   Plaintiff, to cure the omission of service upon the general guardian of the infants, has, since the judgment and sale, served such guardian with the summons and complaint, as also the guardian *ad litem*, and with notice of motion to have such proof of service filed as of the date of ——, and made a part of the judgment roll, &c.

The plaintiff's counsel has not cited any authority, nor do I think one can be found for so extraordinary procedure.

The proceeding is but little if at all different or less than this to enter up a judgment against a party and sell his property under it, and then to serve him with summons and ask the court to have such services support the judgment and justify all that may have been done under it.

Neither section 724 nor 783, nor the cases cited by plaintiff afford any warrant for such procedure.

A judgment entered without service of process is not within remedial scope of these sections (*Baldwin* agt. *Kendall*, 16 *Abb.*, 355).

The motion must be denied, with ten dollars costs and disbursements, and the purchaser released from his bid and restored to what he has parted with in the attempted purchase.